SUMMARY ORDER

Mei Yu Yu, a native and citizen of China, seeks review of a July 10, 2008 order of the BIA affirming the January 10, 2007 decision of Immigration Judge (“IJ”) Steven R. Abrams, denying her applications for asylum, withholding of removal, and CAT relief. In re Mei Yu Yu, No. A200 121 835 (B.I.A. July 10, 2008), affg No. A200 121 835 (Immig. Ct. N.Y. City Jan. 10, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, this Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). Questions of law and the application of law to undisputed fact are reviewed de novo. Salimatou Bah v. Mukasey, 529 F.3d 99, 104 (2d Cir.2008).
In this case, the IJ’s adverse credibility determination was not supported by substantial evidence. While an adverse credibility determination may be based on the inherent implausibility of particular allegations, a finding of implausibility must not be based on flawed reasoning, speculation or conjecture. See Yuanliang Liu v. U.S. Dep’t of Justice, 455 F.3d 106, 110-11 (2d Cir.2006). Here, the IJ engaged in impermissible speculation when he found implausible Yu’s testimony that she was given general anesthesia during her abortion procedure. The IJ’s implausibility finding was based on his assumption that, because Yu was in her fifth month of pregnancy, she would be required to remain awake and alert during the abortion so that she could assist in the procedure by “pushing.” However, the IJ cited to no authority, medical or otherwise, as the basis for this assumption, and he lacked the requisite medical expertise to draw this conclusion himself. Cf. Siewe v. Gonzales, 480 F.3d 160, 168-69 (2d Cir.2007). In addition, the IJ’s implicit finding that Yu’s abortion could not have been performed under general anesthesia unless “prongs” were used was also based on conjecture. See Yuanliang Liu, 455 F.3d at 110-11. Moreover, although the IJ noted that Yu was never “put up in stirrups,” he never explained what significance he attached to that fact. See Wensheng Yan v. Mukasey, 509 F.3d 63, 66-67 (2d Cir.2007). Likewise, the IJ engaged in flawed reasoning when he discredited Yu’s testimony that she obtained a pregnancy test kit from a private doctor because such kits were “readily available in stores in China.” See id. Even if pregnancy test kits are widely sold in Chinese stores, it would be illogical to conclude, on that basis, that private doctors therefore do not dispense the kits or that young single women such as Yu would not prefer to obtain kits from private doctors. In addition, the IJ mis-characterized the record when he found inconsistencies in Yu’s testimony regarding her fear that she would be fined by family planning officials, the location of the injections she received during her abortion procedure, and the means by which she left the hospital after her abortion. Because the IJ’s adverse credibility determination was based on impermissible speculation, flawed reasoning, and mis-characterizations of the record, we grant the petition for review with respect to Yu’s *83 claims for asylum and withholding of removal.
However, Yu failed to raise any arguments concerning her CAT claim, which was based on her illegal departure from China, to either the BIA or this Court. We therefore deem Yu’s CAT claim abandoned and decline to consider it. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007).
For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the BIA’s decision is VACATED and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).